Tom Jenkins, *et al., v.* F. R. Dawn.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

*As to effect of reference to extrinsic agreement as affecting negotiability of bill or note, see annotation in 30 L. R. A. (N. S.), 40; L. R. A., 1918b, 639; 14 A. L. R., 1130; 3 R. C. L., 918; 1 R. C. L. Supp., 919; 4 R. C. L. Supp., 222; 5 R. C. L. Supp., 209.

(1)

BURN & MICHAEL and WM. J. KIRK, for complainant, appellant.

R. H. WARD, for defendant, appellee.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The defendant Dawn purchased certain land from complainant James Lenox and in payment of part of the purchase price executed to Lenox notes reciting that they were "given for payment of land lien being retained on land deed of even date of these notes with six per cent interest." Thereafter Lenox delivered and assigned the notes by blank endorsement to Tom Jenkins, who is alleged to be, upon the filing of the bill, the owner and holder thereof. It appears that co-complainants C. H. Arp and S. Arp had become endorsers of said notes at some time before the bringing of the suit.

The bill was brought seeking a judgment against the maker and the enforcement of a lien against the land for the balance purchase money. The bill also alleged that the various endorsers were liable on the notes and prayed for a decree settling and adjudging the rights and liabilities of the parties as between themselves.

The answer admitted the personal liability of defendant Dawn as the maker of the notes for the unpaid portion thereof, as charged in the bill, but denied the right of the complainants to enforce a lien upon the land, although expressly admitting that defendant Dawn had purchased the land from complainant Lenox, had not paid for it, and was at the time of the filing of the bill still the owner and in possession of it, the theory of the defense with respect to the lien being that the notes were non-negotiable, in that they were not made payable to order or to bearer, and that the assignment by delivery and blank endorsement did not carry with it to the assignee the right to enforce the lien in favor of the original vendor for the balance purchase money. As now presented in this Court the insistence for the defendant is, in the alternative, that (1) the express vendor's lien undertaken to be retained in the face of the note did not pass by the assignment of a blank endorsement made by the original payee, the note being non-negotiable, and (2) that an equitable implied lien is personal only to the original vendor, and not subject to transfer or assignment.

The Chancellor, in accordance with the allegations and admissions of the pleadings, adjudged personal liability first against the maker, and then held the endorsers liable to complainant Jenkins, the holder, in the order of

their endorsements, but declined to decree a lien upon the land, resting his decision on the ground, not specifically relied on for the defendant in his pleadings, ''that the notes sued on, and on which a lien is sought to be set up on the land involved in the cause, do not contain a sufficient description thereof so as to identify the lands as being the same lands described in the deed, and for that reason the complainants cannot impress a lien on the said land.''

The appeal is limited ''to the action of the Court in not declaring the lien of an equitable mortgage on the land impounded in this case.''

*(1)* Counsel for appellee Dawn here insists that the Negotiable Instrument Act of 1899 repealed section 3506, Shannon's Code, based upon the Act of 1786, which declared a note negotiable whether expressed to be payable to order or not, citing *Gilley* v. *Harrell,* 118 Tenn., 122. To this we agree. It is clear that the notes herein sued on are not negotiable instruments and questions herein arising are not therefore affected by the provisions of the Uniform Negotiable Instruments Act.

For the appellants it is said (1) that an equitable mortgage lien arose on the facts and that such a lien is assignable, citing *Eskridge* v. *McClure and Walker,* 2 Yerg., 87, and other cases; and, (2) that, if it be conceded that under our authorities an equitable vendor's lien is not assignable, a decree of such a lien would have been proper in this case on the theory that James Lenox, the original vendor and assignor to Jenkins, conceded in the bill his liability on his assignment by blank endorsement, and this liability was adjudged against him by the Chancellor, thus bringing the case within the rule that authorizes the enforcement in equity of an implied vendor's

lien against the land in favor of, or for the protection of, a vendor-assignor of purchase money notes on which he remains or is made liable under his endorsement.

*(2)* We are satisfied that this record sustains the second insistence. The authorities are in conflict on the question of whether or not the assignment of a note given for purchase money carries with it the implied lien. It may be conceded that Tennessee has adopted the rule denying the lien to the assignee. *Green* v. *DeMoss,* 10 Humph., 371; *Bowlin* v. *Pearson,* 4 Bax., 341. However, in the last case cited it was distinctly recognized that, if the vendor be made liable upon his endorsement, he may enforce the lien for his protection. This principle is controlling here. While the endorsement of the original vendor, payee of the notes, is in blank and therefore contains no express words of liability, he joins in the original bill and is a party to the allegation that he is liable to the holder, thus conceding a contractual obligation to this effect, which would otherwise have been subject to proof; and, further, in this cause, as has been seen, a decree adjudging liability against this original vendor was entered. He has thus been brought strictly within the rule above referred to. *(3)* It would hardly be questioned that, if a suit had been first brought by the holder against his assignor, the original vendor, charging him with liability by virtue of a special contract, a judgment had been rendered against the vendor and he had thereafter brought suit to enforce his implied vendor's lien against the purchaser of the land, his right to enforce the lien would have been clear. We think circumlocution was unnecessary. The practice in courts of equity is flexible and designed to avoid multiplicity of suits, and under the circumstances here appearing the

complainants are entitled to a decree, primarily for the benefit of the original vendor, Lenox, enforcing a lien in his favor upon the land fully described in the deed exhibited with the bill, and referred to in the notes sued on.

Reference has been made to the fact that the decree of the Chancellor was rested upon the ground that the description contained in the notes was insufficient, but, in the first place, this is not a defense made by the pleadings, nor one apparently relied on in this court; and, in the second place, it is inconsistent with the principles applicable to the doctrine of implied liens, which necessarily do not rest upon any provisions expressed in the purchase money notes.

For the reasons given the decree of the Chancellor must be reversed and the cause remanded for proceedings in accordance with this opinion.